UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NOEL CASTRO

      Plaintiff,

v.                                       Case No.:  2:25-cv-1035-SPC-NPM

LEE COUNTY'S HEALTHCARE
PROVIDERS,

      Defendant.
                                            /

## OPINION AND ORDER

Before the Court is Plaintiff Noel Castro's Complaint (Doc. 1). Castro is a pretrial detainee in Lee County Jail, and he sues unidentified healthcare providers at the jail under 42 U.S.C. § 1983. Castro is proceeding *in forma pauperis*, so the Court must review the Complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief. *See* 28 U.S.C. 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court

can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Castro claims his diabetes-related health issues have gotten worse because the medical providers in Lee County Jail have not provided adequate treatment. In *Estelle v. Gamble*, the Supreme Court established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." 429 U.S. 97, 104 (1976). But not every claim of inadequate medical treatment gives rise to an Eighth Amendment violation. *Id.* at 105.

Negligence in diagnosis or treatment—even if it constitutes medical malpractice—does not necessarily violate the constitution. *Id.* at 106.

Pretrial detainees, like prisoners, have a right to medical treatment, and deliberate indifference to a detainee's serious medical needs is a constitutional violation. *Christmas v. Nabors*, 76 F.4th 1320, 1335 (11th Cir. 2023). Their right to medical treatment arises under the Fourteenth Amendment rather than the Eighth Amendment, but the legal standard is the same. *Id.* at 1331. To state a claim for deliberate indifference, a detainee must allege (1) he had a medical need, (2) the defendants exhibited deliberate indifference to that need, and (3) the defendants' deliberate indifference caused the detainee's injury. *Id.* at 1335.

Deliberate indifference is akin to subjective recklessness as used in criminal law. To establish deliberate indifference, a plaintiff "must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024). A difference in medical opinion does not constitute deliberate indifference. *Hernandez v. Sec'y Fla. Dep't of Corr.*, 611 F. App'x 582, 584 (11th Cir. 2015). Nor does the exercise of medical judgment by a care provider. *Id.* Medical treatment violates the constitution "only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* In any event, even if a defendant

3

actually knew of a substantial risk to a detainee's health or safety, he cannot be found liable for deliberate indifference "if he 'responded reasonably to that risk.'" *Wade*, 106 F.4th at 1262 (quoting *Farmer*, 511 U.S. 825, 844-45 (1994)).

Castro's complaint falls far short of stating a plausible claim of deliberate indifference to serious medical need. To proceed, Castro must name as defendants the individual officials who violated his rights and allege specific facts that establish their deliberate indifference to his serious medical needs. Conclusory allegations of negligence and worsening health are not enough.

Accordingly, it is now

**ORDERED:**

Plaintiff Noel Castro's Complaint (Doc. 1) is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to send Castro a civil-rights complaint form. Castro may file an amended complaint by December 1, 2025. Otherwise, the Court will enter judgment and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on November 14, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

4