UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NOEL CASTRO

    Plaintiff,

v.                                       Case No.:  2:25-cv-1035-SPC-NPM

JEWEL,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Noel Castro's Amended Complaint for Violations of Civil Rights (Doc. 6).  Castro is a pretrial detainee in Lee County Jail, and he sues a healthcare provider at the jail—identified as Ms. Jewel—under 42 U.S.C. § 1983.  Castro is proceeding *in forma pauperis*, so the Court must review the Complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief.  *See* 28 U.S.C. 1915(e)(2). The Court dismissed Castro's original complaint for failure to state a claim and gave him leave to amend.  His amended complaint also fails to state a claim.

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915.  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  A district court should dismiss a claim when a party does not

plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

Castro claims Jewel initially denied his request for diabetic shoes. After Castro developed blisters and ulcers on his toes, jail staff provided appropriate shoes and sent Castro to a podiatrist. He asserts Jewel's initial denial violated his Eighth and Fourteenth Amendment rights, he and seeks $100,000 as compensatory damages for his injuries.

In *Estelle v. Gamble*, the Supreme Court established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." 429 U.S. 97, 104 (1976). But not every claim of inadequate medical treatment gives rise to an Eighth Amendment violation. *Id.* at 105. Negligence in diagnosis or treatment—even if it constitutes medical malpractice—does not necessarily violate the constitution. *Id.* at 106.

Pretrial detainees, like prisoners, have a right to medical treatment, and deliberate indifference to a detainee's serious medical needs is a constitutional

2

violation. *Christmas v. Nabors*, 76 F.4th 1320, 1335 (11th Cir. 2023). Their right to medical treatment arises under the Fourteenth Amendment rather than the Eighth Amendment, but the legal standard is the same. *Id.* at 1331. To state a claim for deliberate indifference, a detainee must allege (1) he had a medical need, (2) the defendants exhibited deliberate indifference to that need, and (3) the defendants' deliberate indifference caused the detainee's injury. *Id.* at 1335.

Deliberate indifference is akin to subjective recklessness as used in criminal law. To establish deliberate indifference, a plaintiff "must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024). A difference in medical opinion does not constitute deliberate indifference. *Hernandez v. Sec'y Fla. Dep't of Corr.*, 611 F. App'x 582, 584 (11th Cir. 2015). Nor does the exercise of medical judgment by a care provider. *Id.* Medical treatment violates the constitution "only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* In any event, even if a defendant actually knew of a substantial risk to a detainee's health or safety, he cannot be found liable for deliberate indifference "if he 'responded reasonably to that risk.'" *Wade*, 106 F.4th at 1262 (quoting *Farmer*, 511 U.S. 825, 844-45 (1994)).

3

Castro's amended complaint does not establish deliberate indifference. Castro merely alleges Jewel initially denied his request for diabetic shoes. That allegation does not demonstrate that Jewel subjectively believed Castro would face a substantial risk of serious harm to his health without the shoes. What is more, when Castro experienced objectively serious problems with his feet, officials provided diabetic shoes and treatment by a podiatrist. At most, Castro's allegation supports an inference that Jewel was negligent, but that is not enough to state a constitutional claim.

Accordingly, it is now

**ORDERED:**

Plaintiff Noel Castro's amended complaint (Doc. 6) is **DISMISSED without prejudice for failure to state a claim**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on December 22, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

4